UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JAMAL SONGUI,
               Plaintiff,

**COMPLAINT &**
v.                                       **JURY DEMAND**

THE CITY OF NEW YORK,
PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER YISHIN PARK,
Shield # 4146, 69th Precinct,
NEW YORK CITY POLICE OFFICER
GLENN J. GIBBONS, Shield # 6479
Evidence Collection Unit,
               Defendant(s).
-------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 08 2010 ★
BROOKLYN OFFICE

10   4622

MAUSKOPF, J.

CARTER, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, JAMAL SONGUI, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, JAMAL SONGUI is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants NEW YORK CITY POLICE OFFICERS YISHIN PARK, Shield # 4146, and GLENN J. GIBBONS, Shield # 6479 upon information and belief of the 69th Precinct and the Evidence Collection Unit resepctively, are and at all times relevant officers and employees/agents of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICERS PARK and GIBBONS are sued individually and in their official capacities. At all times relevant Defendant OFFICERS PARK and GIBBONS were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant

OFFICERS PARK and GIBBONS were acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of Defendant NEW YORK CITY POLICE DEPARTMENT, Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the areas of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT.

10. Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT, are municipal entities created and authorized under the laws of the State of New York. They are authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance and care of property seized by members of the NEW YORK CITY POLICE DEPARTMENT during the course of their duties and function as Police Officers of the City of New York.

11.

## STATEMENT OF FACTS

11. On December 25, 2009 at approximately 5:00 a.m. members of Defendant NEW YORK CITY POLICE DEPARTMENT, including named Defendant Officer YISHIN PARK, Shield # 4146 of the 69th Precinct, arrested two individuals named Roger Marsalis and Marlon Adrien in Kings County, charging them with violating Penal Law Sections 125.25 and related charges, including an alleged Gang Assault under New York Penal Law Section 120.07 (Murder in the Second Degree). Upon further information and belief, named Defendant Officer YISHIN PARK also arrested the Plaintiff on December 25, 2009 and charged him with violating Penal Law Section 125.25 and related charges, including Gang Assault, alleging that the Plaintiff acted in concert with the aforementioned individuals in the commission of the alleged crimes. Upon information and belief, the Plaintiff is employed as a part time party promoter and the alleged homicide occurred in the vicinity of an event that the Plaintiff was promoting. Upon further information and belief, the Plaintiff's automobile, a 2001 Chevrolet, Virginia License Plate Number KDG-1111, was seized from the Plaintiff by Defendant Officer YISHIN PARK, and placed in the custody of Defendants NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY POLICE DEPARTMENT PROPERTY CLERK under Property Invoice Number B203985V. Upon further information and belief, after his arrest the Plaintiff was transported to the 69th Precinct and then Central Booking. Upon information and belief, Assistant District Attorney JACOB SRUMKIN, employed by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE interviewed Defendant OFFICER YISHIN PARK regarding the arrests of the Plaintiff and the other two individuals. Pursuant to the interview of Defendant Officer YISHIN PARK and a review of the evidence in connection with the alleged homicide, Marlon Adrien and Roger Marsalis were charged with violation of New York Penal Law Section 125.25 (Murder in the

Second Degree), which is presently being prosecuted by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE. Upon further information and belief, the prosecution refused to charge the Plaintiff with violating any of the charges which Defendant OFFICER YISHIN PARK alleged were committed by the Plaintiff, and were the alleged basis for the initial seizure of the Plaintiff's automobile. Instead, the Plaintiff was charged with one count of Possession of Pistol Ammunition (Administrative Code Section 10-131-(I)(3). Upon further information and belief the Criminal Court Complaint stated that the charge against the Plaintiff was based upon the recovery of a round of ammunition alleged to have been made, not by Defendant OFFICER YISHIN PARK, but rather by Defendant POLICE OFFICER GLENN J. GIBBONS, who allegedly recovered the round of ammunition from the Plaintiff's vehicle sometime after the Plaintiff's arrest seizure of the Plaintiff's vehicle. The KINGS COUNTY DISTRICT ATTORNEY'S OFFICE offered the Plaintiff a plea bargain on February 22, 2010, and the Plaintiff was allowed to plead guilty to violating Section 240.20 of the Penal Law (Disorderly Conduct) receiving a sentence of time served. On March 2, 2010 The KINGS COUNTY DISTRICT ATTORNEY'S OFFICE gave the Plaintiff a release for the aforementioned motor vehicle, however the named Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT refused to release the Plaintiff's automobile. To date, the Plaintiff's automobile remains in the custody of Defendant NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK, NEW YORKK CITY POLICE DEPARTMENT. The Plaintiff has been forced to maintain insurance on the vehicle, despite his lack of possession and use of the vehicle, and has been required to use alternate means of transportation, including the use of rental cars and public transportation for himself and

his family at considerable expense.

## Procedural History

12. Upon information and belief, the Plaintiff communicated a demand for the return of his vehicle to Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT. In response to this demand, Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT alleged that Plaintiff's vehicle was the "instrumentality of a crime pursuant to section 14-140 of the New York City Administrative Code" and that the named Defendants, NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT intended to commence a proceeding to forfeit the Plaintiff's vehicle. As a result of the aforementioned, the Plaintiff retained counsel for the purpose of regaining possession of his automobile. After attempted settlement negotiations failed in March 2010, a "retention hearing" was held on May 3, 2010 before an Administrative Hearing Judge. At that hearing, the Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK NEW YORK CITY POLICE DEPARTMENT proceeded to present documentary evidence, which resulted in a decision granting the Defendants NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT permission to move forward with a forfeiture proceeding against the Plaintiff and his property. In March 2010 the Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT filed a "Summons with Notice" against Plaintiff under Index Number 400660/10 notifying the Plaintiff of the Defendants intent to move to forfeit the Plaintiff's vehicle. The aforementioned Summons did not have a complaint, however the notice did inform the Plaintiff that a complaint could be

demanded by the Plaintiff, and further that if the Plaintiff did not respond within thirty days the Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT would take a judgment by default against the Plaintiff for forfeiture of the Plaintiff's vehicle. The Plaintiff subsequently demanded a complaint from named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT. Named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT eventually filed a complaint, date filed on August 17, 2010, under Index Number 400660/10 in New York State Supreme Court, New York County. The verified complaint, publicly filed against the Plaintiff by named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, knowing the allegations to be false, maliciously alleged no less than eight causes of action, accusing the Plaintiff of "acting in concert" with Roger Marsalis and Marlon Adrien in the commission of various violations of the New York State Penal Law, including Attempted Murder in the Second Degree (NY Penal Law Section 110/125.25(2); Gang Assault (NY Penal Law Section 120.07); Assault in the First Degree (NY Penal Law section 120.10); Criminal Possession of a Weapon in the Second , Third and Fourth Degrees, (NY Penal Law Sections 265.03(1)(B), (3) and 265.01(1); Criminal Facilitation (NY Penal Law Section 115.00) and Administrative Code Section 10-131(I)(3). The aforementioned civil complaint based its allegations upon allegations made by Defendant OFFICER YISHIN PARK. Upon information and belief, it is the intent of named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT by filing the aforementioned complaint, to permanently deprive the Plaintiff of his automobile by conspiring with Defendant OFFICERS YISHIN PARK and Defendant OFFICER GLENN J. GIBBONS to falsely accuse the Plaintiff of "acting in concert" with the two other individuals who were arrested by members of Defendant

NEW YORK CITY POLICE DEPARTMENT. In actuality the Plaintiff was not charged with any of the aforementioned offenses or conduct by the KINGS COUNTY DISTRICT ATTORNEYS OFFICE, with the exception of the Administrative Code Violation, and the Plaintiff was allowed to resolve that charge with a non-criminal disposition, a fact which was known by named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT prior to the filing of the complaint seeking forfeiture of the Plaintiff's vehicle. The aforementioned false allegations as published by Defendants NEW YORK CITY POLICE DEPARTMENT, OFFICER YISHIN PARK and PROPERTY CLERK, NEW YORK CITY POLICE have resulted in the intentional infliction of emotional distress upon Plaintiff, who still has not recovered his vehicle from the possession of the named Defendants. As a result of the deprivation of Plaintiff's vehicle by the named Defendants, Plaintiff has been prevented from pursuing employment opportunities in the State of New York and other States of the United States of America. Upon further information and belief, it is the intent of Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT to sell the Plaintiff's vehicle at an auction attended by various individuals, including car dealers from outside the State of New York. Since the seizure of the Plaintiff's vehicle he and his family have also incurred considerable, and unnecessary expenses directly attributable to the actions of the named Defendants, including legal fees in defense of the forfeiture action initiated by the named Defendants.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Fourth Amendment, Due Process violations.**

13. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER YISHIN PARK, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully and unduly seizing Plaintiff's motor vehicle, without probable cause.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER YISHIN PARK occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Due Process Violation, Fourth Amendment Violations**

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, the conduct of Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully and improperly retaining the Plaintiff's property pursuant to New York Administrative Law Section 14-140, without probable cause and without a timely and proper evidentiary hearing concerning the forfeiture of Plaintiff's vehicle.

18.     That the actions of Defendant PROPERTY CLERK. NEW YORK CITY POLICE DEPARTMENT occurred in and during the scope of its duties and functions as an agent of

Defendant NEW YORK CITY POLICE DEPARTMENT, and while acting as an agent of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff

### THIRD FEDERAL CLAIM

### Violation of the rights secured by section 42 U.S.C. 1983- Procedural Due Process

19. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Plaintiff was named in civil litigation initiated by Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, based upon allegations levied by named Defendant NEW YORK CITY POLICE OFFICER YISHIN PARK pursuant to New York Administrative Law Section 14-140, wherein Plaintiff has been intentionally slandered by the named Defendants, and as a result of such filing, has been punished, including the denial of proper procedural process for the return of his motor vehicle.

21. As a consequence of named Defendant's actions, Plaintiff has suffered and continues to suffer great financial distress and harm, and fear of repetition of such unlawful conduct by members of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT.

### FOURTH FEDERAL CLAIM

### Violation of Rights Secured by 42 U.S.C. 1983- Procedural Due Process, Conspiracy

22. Plaintiff incorporates by reference the allegations set forth in paragraphs One through Twenty One (21) as if fully set forth herein.

23. That the actions of Defendants, NEW YORK CITY POLICE OFFICERS YISHIN

PARK and GLENN J. GIBBONS did result in the seizure of Plaintiff's property, which has been held by Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT at the behest of Defendant NEWYORK CITY POLICE DEPARTMENT since December 25, 2009, with the intent to permanently deprive the Plaintiff of his property by selling the Plaintiff's property at auction should the forfeiture proceeding, which is based upon the alleged observations of named Defendant NEW YORK CITY POLICE OFFICERS YISHIN PARK and GLENN J. GIBBONS, be granted.

24. As a consequence of the named Defendants actions Plaintiff has suffered and continues to suffer great financial distress and harm, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CAUSE OF ACTION

### Commerce Clause Violation

25. The Plaintiff incorporates the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That New York City Administrative Code Section 14-140 and its enforcement by named Defendant PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK unlawfully and improperly violates the Commerce Clause of the United States Constitution by unduly interfering, hindering and preventing interstate commerce by the Plaintiff, and others so situated, by the seizure and retention of Plaintiff's automobile, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Twenty Six (26) as if fully set forth herein.

28. That the actions and/or negligence of Defendant NEW YORK CITY POLICE OFFICERS YISHIN PARK and GLENN J. GIBBONS resulted in the Plaintiff's denial of his property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICERS YISHIN PARK and GLENN J. GIBBONS resulted in the improper impounding of Plaintiff's property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER YISHIN PARK and GLENN J. GIBBONS resulted in the improper and unlawful retention of Plaintiff's property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officers YISHIN PARK and GLENN J. GIBBONS resulted in the improper and unlawful impounding of Plaintiffs' property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

35. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER YISHIN PARK intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, humiliation and embarrassment, and incurrence of monetary damages including loss of the use of Plaintiff's automobile.

## SIXTH STATE LAW CLAIM

37. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant NEW YORK CITY POLICE OFFICER GLENN J. GIBBONS intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, and the incurrence of monetary damages including loss of the use of Plaintiff's automobile.

## SEVENTH STATE LAW CLAIM

39. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Eight (38) as if fully set forth herein.

40. That the actions and/or negligence of Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, incurrence of monetary damages including transportation and legal expense, public humiliation and embarrassment.

## EIGHTH STATE LAW CLAIM

41. Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant CITY OF NEW YORK resulted in the intentional retention and/or conversion of Plaintiff's property, resulting in the aforementioned harm to Plaintiff.

## NINTH STATE LAW CLAIM

43. Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT resulted in the wrongful retention and/or conversion of Plaintiff's property, resulting in the aforementioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. The immediate return of Plaintiff's automobile.

2. Compensatory Damages for Plaintiff.

3. Punitive Damages against Defendant New York City Police Officers YISHIN PARK and GLENN J. GIBBONS.

4. Punitive Damages against Defendants PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY POLICE DEPARTMENT.

5. A Court Order, removing the named Defendant's Forfeiture actions filed under Index Number 400660/2010

6. A Court Order declaring New York City Administrative Code Section 14-140 an unconstitutional violation of the Commerce Clause of the United States Constitution.

7. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

8. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: October 7, 2010

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

—15—